IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VONELL LAVELL SHAW,

                      Petitioner,

v.

SUSAN NOVAK,

                      Respondent.

OPINION and ORDER

20-cv-240-jdp

Vonell Lavell Shaw has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2017 conviction for multiple crimes, including second-degree sexual assault. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. *See also* 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief).

Shaw challenges his conviction on multiple grounds, but he acknowledges in his petition that he didn't raise any of his claims in the trial court, on appeal, or in a postconviction motion. Before filing a petition under § 2254, a prisoner is required to exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A).

Shaw contends that he didn't raise his claims in state court as a result of ineffective assistance of trial counsel and appellate counsel. Ineffective assistance of counsel may excuse a failure to exhaust, but ineffective assistance is a separate claim that a prisoner is also required to pursue in state court before filing a federal habeas petition. *Edwards v. Carpenter*, 529 U.S.

446 (2000); *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986). In Wisconsin, a claim for ineffective assistance of trial counsel must be presented through a motion for postconviction relief pursuant to Wis. Stat. § 974.02, § 974.06, or a petition for habeas corpus. Claims of ineffective assistance of appellate counsel must be filed in the form of a petition for a writ of habeas corpus with the court of appeals. *State v. Starks*, 2013 WI 69, ¶ 4, 349 Wis. 2d 274, 833 N.W.2d 146 (citing *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540, 544 (1992)). It appears that petitioner has the opportunity to present his ineffective assistance of counsel claims to the state courts and has simply not yet done so.

So I will dismiss this petition without prejudice. Shaw may file a new petition in this court under § 2254 only after he completes state court review of each ineffective assistance claim he wishes to pursue. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995). This requirement includes appeals up to and including the Wisconsin Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Because the court of appeals has held that a dismissal without prejudice for failure to exhaust is not a final order, *Gacho v. Butler*, 792 F.3d 732, 733 (7th Cir. 2015), no certificate of appealability is required.

ORDER

IT IS ORDERED that Vonell Lavell Shaw's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED without prejudice to Shaw's refiling it after exhausting his state court remedies.

Entered August 11, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge